UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| EMMANUEL RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 13-48-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| K. EDENFIELD, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Emmanuel Rodriguez is a prisoner confined at the Federal Correctional Institution ("FCI") in Manchester, Kentucky. Proceeding without an attorney, Rodriguez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] He has also supplemented his petition with a number of filings. [Record Nos. 2, 3, 4, 6]

**I.**

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, the Court evaluates Rodriguez's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the litigation, the Court accepts Rodriguez's factual allegations

as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, after initial review, the petition will be dismissed because he can not pursue his claims in a habeas corpus proceeding under § 2241.

## II.

In his § 2241 petition and supplemental filings, Rodriguez makes a number of allegations regarding his classification, including an assertion that the Bureau of Prisons ("BOP") improperly classified him as an "escape risk" and that the BOP has improperly assigned him a higher level of custody classification, preventing his transfer to a lower security institution closer to his family and preventing his participation in BOP programs. He asks the Court to order the BOP to lower his custody classification to a level under which he can participate in various programs and be transferred to a lower-security facility.

Claims challenging the manner in which a prisoner's sentence is being executed, such as the computation of sentence credits or parole eligibility, are issues which fall under § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Rodriguez alleges that the claims regarding his BOP custody classification qualify as a challenge to the manner in which his sentence is being executed. This assertion, however, is incorrect. In this circuit, it is well established that challenges to a prisoner's classification or place of confinement are claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331. *See Hunter v. Mulvaney*, No. 2:13-CV-84, 2013 WL 4499036, at *2 (W.D. Mich. Aug. 20, 2013) (finding that prisoner's complaints about his security threat designation and its negative consequences, including a higher security classification and reduced privileges, were claims challenging the conditions of

his confinement, not habeas claims); *Bateman v. USP-Big Sandy*, No. 7:10–00146–KKC, 2011 WL 2183553, at *1 (E.D. Ky. June 6, 2011) (petitioner could not seek relief from the conditions of BOP confinement in a § 2241 petition); *Simmons v. Curtin*, No. 10-CV- 4751, 2010 WL 5279914, at *1 (E.D. Mich. Dec. 17, 2010) (petitioner's challenge to his security classification and resulting transfer to a different facility were not cognizable under § 2241); *McCray v. Rios*, No. 08–206–ART, 2009 WL 103602, at *4 (E.D. Ky. Jan. 14, 2009) (dismissing claims challenging security classification and place of confinement as inappropriate under § 2241).

Because habeas relief is not available to prisoners who are complaining only of the conditions of confinement or mistreatment during incarceration, Rodriguez's petition will be dismissed. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Accordingly, it is hereby

**ORDERED** as follows:

1. Emmanuel Rodriguez's petition for a writ of habeas corpus under 28 U.S. C. § 2241 [Record No. 1] is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered this date in favor of the Respondent.

This 23rd day of October, 2013.

